Matter of A.R. (C.M.) (2024 NY Slip Op 51520(U))

[*1]

Matter of A.R. (C.M.)

2024 NY Slip Op 51520(U)

Decided on November 13, 2024

Family Court, New York County

Wilkofsky, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2024
Family Court, New York County

In the Matter of A.R. K.R. R.R. J.R., Children Under Eighteen years of Age Alleged to be Abused by C.M., Respondent.

File No. XXXXX

Special Assistant Corporation Counsel Taris Rodney, for the NYC Administration for Children's Services
Andreina Mendez, Neighborhood Defender Service of Harlem, attorney for the respondent mother
Kathryn Mitchell, Center for Family Representation, attorney for the respondent father/PLR
Marianne Allegro, The Legal Aid Society, attorney for the children

Yael Wilkofsky, J.

On or about November 5, 2021, the petitioner the Administration for Children's Services (hereinafter referred to as "petitioner" or "ACS") filed Family Court Act ("FCA") Article 10 abuse petitions on behalf of the subject children J.R., K.R., R.R. and A.R. (hereinafter referred to as the "subject children" or "J.R.," "K.R.," "R.R." and "A.R.") against the respondents Ms. S.R. and Mr. C.M. ACS now moves for an Order compelling C.M. to submit to DNA paternity testing. For the reasons set forth below, the motion is granted.
The abuse petitions in this case allege, inter alia, that the respondent C.M. committed, or allowed to be committed, acts against the subject child R.R. defined in the Penal Law, including but not limited to, Sections 130.20, 130.25, 130.30, 130.35, 130.55, 130.65, 255.25, 255.26 and 255.27. Specifically, the abuse petitions allege that the respondent C.M. is the biological father of the subject child R.R., that the subject child R.R. became pregnant when she was 13 years old [*2]and that she gave birth to the subject child J.R. on or about XX/XX/2021. Relying on hospital records, the abuse petitions further allege that the subject child J.R. was born with abnormal facial features, that genetic testing was conducted to determine if J.R. had any genetic disorders and that the results of the genetic testing found that J.R.'s biological father was within a first- or second-degree relation to J.R and was either J.R.'s maternal grandfather, C.M., or one of J.R.'s maternal uncles.
A fact-finding in this matter began in December 2022 but never concluded due to the retirement of the prior Jurist assigned to the case. In March 2024, this Court granted the parties' application for a mistrial and began the fact-finding anew on June 25, 2024. On that date, J.R.'s medical records and the Certified Court Transcript of the testimony of Dr. M.B., a pediatrician and geneticist, from the prior fact-finding was entered into evidence. As is relevant here, the medical records and Dr. M.B.'s testimony establish that based on the genetic testing performed on J.R., his biological father is either a maternal uncle or his maternal grandfather, C.M.
ACS now moves for an Order compelling the respondent C.M. to submit to DNA paternity testing. At argument on the motion, the attorney for the children stated on the record that she is in support of the relief sought by ACS. Pursuant to FCA § 1038-a,
"Upon motion of a petitioner or attorney for the child, the court may order a respondent to provide nontestimonial evidence, only if the court finds probable cause that the evidence is reasonably related to establishing the allegations in a petition filed pursuant to this article. Such order may include, but not be limited to, provision for the taking of samples of blood, urine, hair or other materials from the respondent's body in a manner not involving an unreasonable intrusion or risk of serious physical injury to the respondent."
ACS's motion is granted as the Court finds probable cause that the DNA evidence sought from respondent C.M. is reasonably related to establishing the allegations in the abuse petitions filed pursuant to FCA Article 10. The allegations in those petitions are that the C.M. is the biological father of the subject child R.R., that R.R. became pregnant when she was 13 years old and gave birth to the subject child J.R., and that, based on genetic testing performed on J.R. after his birth, J.R.'s biological father is either C.M. or a maternal uncle. Additionally, the medical records and testimony of Dr. M.B. demonstrate that J.R.'s biological father is either C.M. or a maternal uncle. Therefore, DNA evidence received from C.M. is reasonably related to establishing the allegations in the abuse petitions.
C.M.'s assertion that the motion should be denied because his DNA evidence is not reasonably related to establishing the allegations in the petition and that a DNA test would therefore be a fishing expedition is without merit. Specifically, C.M. asserts that he should not be required to submit to DNA paternity testing as there are multiple family members who could possibly be J.R.'s biological father. However, in this case, the results of the DNA testing would establish that C.M. either is, or is not, J.R.'s biological father and is therefore, reasonably related to establishing the allegations that C.M. impregnated his 13 year old daughter R.R. and that J.R. is the result of such pregnancy.
C.M.'s assertion that the motion should be denied because of the petitioner's delay in seeking the DNA paternity testing is without merit. Initially, the Court notes that although it has been three years since the case was filed, ACS has been trying for some time to obtain the DNA evidence from the District Attorney's office and was ultimately unable to do so. In any event, [*3]C.M. has not demonstrated how he is prejudiced by any delay in seeking the DNA evidence.
Finally, C.M.'s assertion that the motion should be denied because requiring him to submit to DNA paternity testing would constitute "an unreasonable intrusion" under the statute based on the facts that he is no longer residing in New York, he does not wish to be present at the fact-finding, he does not wish to work with ACS and he has not had contact with the subject children since the case was filed in November 2021, is without merit. The reasons proffered by C.M. fail to demonstrate that an order requiring him to submit to DNA paternity testing would constitute an unreasonable intrusion.
Based on the foregoing, the motion is granted. C.M. is to submit to DNA paternity testing, either by blood test or buccal swab, by November 27, 2024. This constitutes the decision and order of the Court.
DATED: November 13, 2024
New York, NY
E N T E R:
Hon. Yael Wilkofsky, J.F.C